Rachel E. Kaufman (CA Bar No. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and
all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ROSS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOUBERT CASTON, a California individual,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Don Ross ("Ross") brings this Class Action Complaint and Demand for Jury Trial against Defendant Joubert Caston ("Caston") to stop the Defendant from violating the Telephone Consumer Protection Act by placing pre-recorded voice message solicitation calls to consumers *without consent*. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Ross is a resident of Santa Rosa, California.

2. Defendant Caston is a realtor located in Mill Valley, California. Defendant places calls into this District.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct of calling the Plaintiff was directed to and received by Plaintiff in this District.

## INTRODUCTION

4. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

5. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

6. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

7. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

8. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

9. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

CLASS ACTION COMPLAINT
-2-

10. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

11. Defendant Joubert Caston is a real estate agent for the Mill Valley-Southern Marin office of Coldwell Banker Realty.[3]

12. Defendant places automated, unsolicited pre-recorded voice message calls to consumers without obtaining the necessary prior express written consent to place such calls.

13. These solicitation calls are placed to generate business for Defendant's real estate business.

14. On December 7, 2020 at 9:51 AM, Plaintiff Ross received an unsolicited call from Defendant to his cell phone using phone number 415-747-9121.

15. Plaintiff did not answer this call, but a pre-recorded voicemail was left stating:

> "Hello hello this is Joubert Caston your local realtor in the area. Just wanted to introduce myself and fill you in on some the activity that's been happening in your neighborhood. If I can help you or anyone you know in anyway possible even if it's just to chat for crying out loud, I'm here to help. My telephone number is 415-747-9121. Once again 415-747-9121. This is you Joubert Caston here wishing you and your whole entire family the happiest of holidays. Take care now."

16. Phone number 415-747-9121 belongs to Defendant Caston, a Coldwell Banker realtor, as per the pre-recorded voicemail that Defendant left on Plaintiff's cell phone voicemail and Defendant's web profile:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.coldwellbankerhomes.com/ca/mill-valley/agent/joubert-caston/aid_225467/

CLASS ACTION COMPLAINT
-3-



[4]

17. Plaintiff never provided his cell phone number to Caston, and never consented to be called by him.

18. The unauthorized pre-recorded solicitation call that Plaintiff received from Caston, as alleged herein, has harmed Plaintiff Ross in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

19. Seeking redress for these injuries, Plaintiff Ross, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded voice telemarketing message calls to cellular and residential telephone numbers.

---

[4] https://www.coldwellbankerhomes.com/ca/mill-valley/agent/joubert-caston/aid_225467/

CLASS ACTION COMPLAINT
-4-

## CLASS ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Pre-recorded Class:** All persons in the United States who, from four years prior to the filing of this action through trial received a telephone call made by Defendant: (1) promoting Defendant's products or services (2) using an artificial or pre-recorded voice and (3) for whom the Defendant lacked any current record of prior express written consent to place the call at the time the call was made and/or for whom Defendant claims to have obtained the person's number in the same manner Defendant obtained Plaintiff's number.

21. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

22. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant Caston placed phone calls to Plaintiff and members of the Pre-recorded Class using a pre-recorded voice message;

    (b)    whether Defendant Caston's calls to Plaintiff and other consumers were made for telemarketing purposes;

CLASS ACTION COMPLAINT
-5-

    (c)    whether Defendant Caston had prior express written consent to place such calls;

    (d)    whether Defendant's conduct constitutes a violation of the TCPA;

    (e)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Adequate Representation**: The Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

25. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Pre-recorded Class)

26. Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them by reference herein.

27. Defendant made unwanted solicitation telephone calls to Plaintiff Ross and the other members of the Pre-recorded Class.

28. These calls used artificial or pre-recorded voices.

29. These pre-recorded voice calls were made without the prior express written consent of the Plaintiff Ross and the other members of the Pre-recorded Class.

30. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B). As a result of Defendant's conduct, Plaintiff Ross and the other members of the Pre-recorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief:

31. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

32. An award of actual and/or statutory damages and costs;

33. An order declaring that Defendant's actions, as set out above, violate the TCPA;

34. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

35. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

                                        Respectfully Submitted,

                                        **DON ROSS**, individually and on behalf of those similarly situated individuals,

DATED this 20th day of January, 2021.

                                        */s/ Rachel E. Kaufman*
                                        Rachel E. Kaufman (CA Bar No. 259353)
                                        rachel@kaufmanpa.com
                                        KAUFMAN P.A.
                                        400 NW 26th Street
                                        Miami, FL 33127
                                        Telephone: (305) 469-5881

                                        *Attorney for Plaintiff and*
                                        *all others similarly situated*